**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DIEGO TZUNUX-HERNANDEZ &
FIDEL TZUNUX-HERNANDEZ,

      Petitioners,

v.

TODD BLANCHE, Attorney General of the
United States; MARKWAYNE MULLIN,
Secretary, U.S. Department of Homeland
Security; DAVID J. VENTURELLA, Acting
Director, U.S. Immigration and Customs
Enforcement; MARY DE ANDA-YBARRA,
Field Office Director of the ICE El Paso Field
Office of Enforcement and Removal
Operations; and WARDEN, Cibola County
Processing Center,

      Respondents.

Case No. 1:26-cv-02577-MIS-LF

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

THIS MATTER is before the Court on Petitioners Diego Tzunux-Hernandez and Fidel Tzunux-Hernandez's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 3, filed August 6, 2026.  Petitioners are citizens of Guatemala who entered the United States without inspection at ages 17 and 14 on December 26, 2016.  Pet. ¶¶ 21-22.  They were detained shortly after entry by U.S. Customs and Border Patrol agents who then designated Petitioners as "unaccompanied alien children" and placed them with the Office of Refugee Resettlement. Id.  In January of 2017, ORR released Petitioners from federal custody to an approved sponsor in Florida. Id. ¶ 23. Petitioners filed asylum applications in April of 2019. Id. ¶¶ 25-26.

Nevertheless, on June 24, 2025, Petitioners were arrested by U.S. Immigration and Customs Enforcement officers while they were driving to a construction job site in Fort Myers, Florida. Id. ¶ 28. They have apparently been detained ever since and are currently detained at the Cibola County Correctional Center in Milan, New Mexico. See id. ¶¶ 29, 37. Petitioners have no criminal convictions. Id. ¶ 37. Petitioners received a bond hearing on March 13, 2026, at which an Immigration Judge denied bond on the grounds the court lacked jurisdiction Id. ¶¶ 31-32.

Petitioners argue their detention without a constitutionally adequate bond hearing violates their Fifth Amendment right to due process. Id. ¶¶ 60-61. They seek immediate release from detention. Id. at 17-18.

On August 10, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 6 . The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, No. 26-6019, 2026 WL 1876709, (10th Cir. June 30, 2026), requires relief." Id.

On August 14, 2026, the federal Respondents filed a "Response to [the] Petition." ECF No. 6. Therein, they state:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1-2 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not

2

address.'" <u>Alfaro Herrera v. Baltazar</u>, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting <u>Series 17-03-615 v. Teva Pharms. USA, Inc.</u>, 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); <u>see also</u> <u>C1.G on behalf of C.G. v. Siegfried</u>, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss).  Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

In <u>Santillan Quiroz</u>, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  180 F.4th at 1237.  That is precisely the situation presented by this case.

Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. <u>See generally</u> Resp., ECF No. 8. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV.     Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    The Petition for Writ of Habeas Corpus, ECF No. 3, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Diego Tzunux-Hernandez and Petitioner Fidel Tzunux-Hernandez from custody/detention without restraints beyond those that existed before his unlawful detention;

3.    Respondents shall return all seized property to Petitioners;

4.    Respondents **SHALL NOT** re-detain Petitioners without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioners is a danger or flight risk;

5.    The Court will separately enter Final Judgment in favor of Petitioners but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

4